ELECTRONICALLY FILED
2026 Oct 08 AM 10:56
CLERK OF THE OSAGE COUNTY DISTRICT COURT
CASE NUMBER: OS-2026-CV-000060
PII COMPLIANT

EXHIBIT
B

Patrick B. Hughes, #16648
ADAMS JONES LAW FIRM, P.A.
1635 N. Waterfront Parkway, Suite 200
Wichita, KS 67206-6623
Phone: (316) 265-8591 / Fax: (316) 265-9719
Email: phughes@adamsjones.com

IN THE FOURTH JUDICIAL DISTRICT
DISTRICT COURT, OSAGE COUNTY, KANSAS
CIVIL DEPARTMENT

Perry A. Thompson and Kimberly A. Thompson, as Co-Trustees of the Perry A. Thompson Revocable Trust dated July 18, 2014, and the Kimberly A. Thompson Revocable Trust dated July 18, 2014; Philip G. Puckett; Lori A. Puckett; David B. Davies, Trustee of the David B. Davies Living Trust dated April 10, 2010; Cody D. Caudill; Alison M. Caudill; Don Jones Farm, Inc.; Donald K. Jones, Trustee of the Donald K. Jones Revocable Living Trust; and Susan M. Jones, Trustee of the Susan M. Jones Revocable Living Trust,

Plaintiffs,

v.

Board of County Commissioners of Osage County, Kansas,

Defendant.

Pursuant to Chapter 60 of K.S.A.

## PETITION

Plaintiffs, by and through counsel, allege as follows:

**Nature of the Action:**

1. This is an action by Osage County landowners challenging Defendant Osage County's countywide zoning prohibition on commercial solar energy

development and its separate moratorium purporting to prevent, for 25 years, the filing, processing, hearing, or approval of zoning applications for commercial solar energy development.

2. Plaintiffs do not ask this Court to approve any particular solar project.

3. Plaintiffs do not ask this Court to decide whether any commercial solar project should ultimately receive a conditional use permit.

4. Plaintiffs ask this Court to declare that Osage County may not lawfully prohibit all commercial solar development everywhere in the unincorporated County, and then reinforce that blanket prohibition through a 25-year moratorium that prevents landowners from even applying for project-specific zoning review.

5. Osage County's present zoning scheme gives landowners no meaningful process to request review of a commercial solar use; no opportunity to present evidence concerning location, surrounding uses, roads, drainage, screening, setbacks, decommissioning, tax base, or other project-specific facts; and no opportunity to obtain approval subject to reasonable conditions.

6. The challenged ban and moratorium are unlawful, unreasonable, arbitrary, capricious, ultra vires, and unconstitutional as applied to Plaintiffs' property and property rights.

7. In the alternative, if the challenged regulations are held valid and enforceable, they effect a taking or damaging of Plaintiffs' property interests without just compensation.

**Parties**

8. Plaintiffs Perry A. Thompson and Kimberly A. Thomson are Co-Trustees of the Perry A. Thompson Revocable Trust dated July 18, 2014, which owns fee simple title to certain real property located in rural Osage County, Kansas.

9. Plaintiffs Perry A. Thompson and Kimberly A. Thomson are Co-Trustees of the Kimberly A. Thompson Revocable Trust, which owns fee simple title to certain real property located in rural Osage County, Kansas.

10. Plaintiff David B. Davies is the Trustee of the David B. Davies Living Trust dated April 10, 2010, which owns fee simple title to certain real property located in rural Osage County, Kansas.

11. Plaintiffs Philip G. Puckett, Jr. and Lori A. Puckett own fee simple title to certain real property located in rural Osage County, Kansas.

12. Plaintiffs Cody D. Caudill and Alison M. Caudill own fee simple title to certain real property located in rural Osage County, Kansas.

13. Plaintiff Don Jones Farm, Inc. owns fee simple title to certain real property located in rural Osage County, Kansas.

14. Plaintiff Donald K. Jones is the Trustee of the Donald K. Jones Revocable Living Trust Agreement dated June 28, 2010, which owns fee simple title to certain real property located in rural Osage County, Kansas.

15. Plaintiff Susan M. Jones is the Trustee of the Susan M. Jones Revocable Living Trust Agreement dated June 28, 2010, which owns fee simple title to certain real property located in rural Osage County, Kansas.

16. Plaintiffs' properties are collectively referred to as the "Property."

17. The Property consists of thousands of acres of contiguous rural land in unincorporated Osage County, Kansas.

18. Plaintiffs have entered into one or more solar energy leases, options, easements, or related agreements with Evergy Kansas Central, Inc. and/or an affiliated solar project developer concerning commercial solar energy development on the Property.

19. Plaintiffs bring this action to protect their own property interests, including their fee estates, lease rights, easement and servitude rights granted or reserved in connection with solar development, contractual rights, rent rights, reversionary interests, alienability, and the right to seek lawful zoning review concerning the use of their own land.

20. Defendant Board of County Commissioners of Osage, Kansas ("County") is a political subdivision of the State of Kansas and is responsible for the adoption and enforcement of zoning regulations affecting the Property.

**Jurisdiction and Venue:**

21. This Court has subject-matter jurisdiction under Kansas law, including K.S.A. 60-1701 *et seq.*, and K.S.A. 60-257, K.S.A. 60-901 *et seq.*, Section 18 of the Kansas Constitution Bill of Rights, the Fifth and Fourteenth Amendments to the United States Constitution, and the Court's general equitable jurisdiction.

22. K.S.A. 60-257 provides that the existence of another adequate remedy does not preclude declaratory judgment where declaratory relief is otherwise appropriate.

23. K.S.A. 60-901 authorizes injunctive relief.

24. Venue is proper in Osage County, Kansas because Defendant is in Osage County, the challenged regulations apply in Osage County, the Property is located in Osage County, and the challenged acts and omissions occurred in Osage County.

25. Plaintiffs have no adequate remedy at law.

**The Solar Energy Lease and Property Interests**

26. Plaintiffs' Osage County Property is primarily agricultural or rural in character.

27. Plaintiffs have entered into one or more solar energy leases, options, easements, or related agreements concerning commercial solar energy development on the Property.

28. The agreements were entered into on or about September 28, 2023, or such other dates as discovery may show.

29. The agreements grant or contemplate the grant of rights necessary for commercial solar development, including leasehold rights, access rights, construction rights, operation rights, transmission or interconnection rights, easements, solar-access rights, and related rights.

30. The agreements establish a long-term economic arrangement under which Plaintiffs are entitled to substantial rent, option payments, lease payments, or other compensation tied to commercial solar development of the Property.

31. During the extended operational term, the agreements contemplate substantial annual rent subject to escalation.

32. Commercial solar development is materially more valuable to Plaintiffs than continued agricultural use of the same acreage under present conditions.

33. Plaintiffs' solar-development rights, rent rights, and contract rights are property interests under Kansas law.

34. Plaintiffs' fee interests are materially affected by whether the Property may be used for commercial solar development.

35. Plaintiffs' ability to lease, sell, finance, encumber, or otherwise alienate the Property for its highest and best lawful use is materially affected by the challenged ban and moratorium.

36. Evergy Kansas Central, Inc. or an affiliated project developer has evaluated a commercial solar project on or including the Property.

37. The proposed solar use would be located in a rural area of Osage County.

38. The proposed solar use would not be a commercial wind farm.

39. Commercial solar facilities present different land-use characteristics than commercial wind energy facilities, including materially different height, noise, shadow-flicker, vibration, visual, wildlife, aviation, and setback considerations.

40. The County's challenged regulations do not distinguish meaningfully between commercial wind and commercial solar for purposes of the countywide prohibition.

**Osage County's moratorium and ban**

41. In or about February 2022, Osage County purported to establish a moratorium concerning alternative energy uses.

42. On April 26, 2022, the Planning and Zoning Board discussed that the moratorium had been established in February and was "good for a year," and that the County should begin regulating land uses for alternative energy.

43. During 2022, the County held public meetings and hearings concerning alternative energy.

44. The public record reflects substantial concern about wind turbines, including low-frequency noise, turbine blade failures, fire, health complaints, shadow flicker, and other wind-specific concerns.

45. The public record also reflects that certain participants distinguished solar from wind and stated that solar panels are easier to work with.

46. On October 6, 2022, after public hearing, the Planning and Zoning Board voted to prohibit renewable energy in Osage County.

47. On October 24, 2022, the Board of County Commissioners considered the Planning Commission's recommendation concerning commercial renewable energy.

48. The October 24, 2022 County Commission minutes state that the Planning Board Chairman gave the Planning Board's recommendation "to prohibit all commercial renewal energy in Osage County."

49. At the same meeting, public comments included a request that the Board allow a solar farm to be built, discussion of the difference between wind and solar, and an invitation to tour a solar site.

50. At the same meeting, public comments also included comments focused on wind turbines and wind energy.

51. The Board of County Commissioners then voted “to follow the recommendation in the memo from the planning and zoning board and prohibit all commercial renewal energy in Osage County.”

52. On May 13, 2024, the Board of County Commissioners adopted Resolution No. 2024-12, approving text amendments to the Osage County Zoning Regulations concerning alternative energy systems.

53. Resolution No. 2024-12 defines “Alternative Energy Systems” as either a Wind Energy Conversion System or a Solar Energy Conversion System.

54. Resolution No. 2024-12 defines a Solar Energy Conversion System, or SECS, as a commercial facility converting sunlight into electricity for the primary purpose of wholesale sales of generated electricity, including associated support facilities such as roads, substations, and operation and maintenance buildings.

55. Resolution No. 2024-12 excludes private on-site generation and consumption from the definition of Alternative Energy Systems.

56. Resolution No. 2024-12 defines a private Solar Energy Conversion System as a facility for private use of generated electricity with a rated capacity of less than 30 kilowatts.

57. Resolution No. 2024-12 removed commercial alternative energy from the County’s conditional-use framework.

58. Resolution No. 2024-12 amended Article 17-110, “Prohibited Uses,” to add the following prohibition: “No property shall be used for the establishment of Alternative Energy Systems, as defined herein.”

59. As a result, commercial solar energy development is prohibited everywhere in unincorporated Osage County.

60. The prohibition is not limited to particular zoning districts.

61. The prohibition is not limited to particular locations.

62. The prohibition is not limited to projects that fail to meet setbacks, screening, drainage, road-use, glare, decommissioning, emergency-access, or other performance standards.

63. The prohibition does not allow the Planning Commission or Board of County Commissioners to consider whether commercial solar would be compatible on a particular site.

64. The prohibition does not allow the County to approve commercial solar subject to reasonable conditions.

65. On May 13, 2024, the Board of County Commissioners also adopted Resolution No. 2024-13.

66. Resolution No. 2024-13 amended the definition of Alternative Energy Systems to include generation-interconnect or “gen-tie” transmission lines used to interconnect an Alternative Energy System to the electric transmission system under the functional control of the Southwest Power Pool, including gen-tie lines for Alternative Energy Systems located outside the County.

67. Resolution No. 2024-13 also amended the conditional-use provision for public utility services or public service corporations.

68. The County thereafter adopted or purported to adopt a 25-year moratorium preventing the processing, hearing, or approval of applications for

conditional use permits or other zoning approvals for commercial wind or solar energy development.

69. The County adopted the moratorium without following statutory procedures for amendments to zoning regulations or changes of zoning.

70. The moratorium purports to prevent Plaintiffs and other landowners from filing, processing, hearing, or obtaining approval of zoning applications concerning commercial solar development for 25 years.

71. The moratorium is not temporary in any meaningful planning or zoning sense.

72. The moratorium is redundant of the County's existing prohibition, but it also independently prevents landowners from invoking the County's ordinary application, hearing, recommendation, and decision procedures.

73. Together, the ban and moratorium deprive Plaintiffs of any meaningful process to seek commercial solar use of their Property.

**The County's own regulations provide a case-by-case process for conditional uses and amendments.**

74. Osage County's Zoning Regulations recognize that certain uses may be desirable in the community but incompatible with other uses unless reviewed and conditioned.

75. Article 17-101 provides a procedure for conditional-use review.

76. That procedure requires Planning Commission review and a public hearing.

77. That procedure requires the Planning Commission to study the effects of the proposed use on surrounding property and make a recommendation to the governing body.

78. That procedure allows the governing body to impose reasonable conditions to protect surrounding property, persons, and neighborhood values.

79. Article 22-101 provides that applications for amendments, revisions, changes, and conditional use permits may be made by an owner of the land or by the owner's agent.

80. Article 22-101 further provides that the Planning Commission or Governing Body may initiate amendments to the Zoning Code or Zoning District Boundary Map.

81. Article 22-102 requires completed applications to be set for hearing not later than 60 days after receipt of a completed application.

82. Article 22-102 requires published notice at least 20 days before hearing.

83. For amendments to the Zoning Code initiated by the Planning Commission or Governing Body, Article 22-102 requires public hearing but does not require mailed notice to individual landowners or a certified ownership list.

84. Article 22-106 identifies factors for zoning amendments and conditional-use review, including surrounding neighborhood character, nearby uses, suitability of the property, transportation and service impacts, staff recommendations, comprehensive-plan conformance, public gain versus hardship to the applicant, and other relevant facts and evidence.

85. The challenged ban and moratorium prevent application of these very standards to commercial solar projects.

86. The County's total prohibition is contrary to the County's own recognition that some uses should be evaluated through project-specific conditional-use review and reasonable conditions rather than excluded everywhere.

**Injury to Plaintiffs**

87. The challenged ban and moratorium directly impair Plaintiffs' use and enjoyment of the Property.

88. The challenged ban and moratorium directly impair Plaintiffs' contractual rights and rent rights under their solar energy agreements.

89. The challenged ban and moratorium materially reduce the value of the Property.

90. The challenged ban and moratorium materially reduce the marketability and alienability of the Property.

91. The challenged ban and moratorium prevent Plaintiffs from transferring effective commercial solar development rights to Evergy or any other solar developer.

92. The challenged ban and moratorium prevent Plaintiffs from seeking a lawful, evidence-based zoning decision concerning commercial solar use of their Property.

93. The challenged ban and moratorium render commercial solar development legally impossible on the Property absent judicial relief or County repeal.

94. Plaintiffs have suffered and will continue to suffer irreparable harm unless the County is enjoined from enforcing the challenged ban and moratorium.

## COUNT I
## Declaratory Judgment: Countywide Commercial Solar Ban Is Unlawful, Arbitrary, and Unreasonable

95. Plaintiffs incorporate all preceding paragraphs.

96. An actual controversy exists between Plaintiffs and Osage County concerning the validity, enforceability, lawfulness, and reasonableness of the County's prohibition on commercial Solar Energy Conversion Systems.

97. Kansas zoning authority is limited to lawful and reasonable land-use regulation for the public health, safety, morals, comfort, and general welfare.

98. The County's commercial solar prohibition is facially unreasonable because it prohibits commercial solar development on every parcel in unincorporated Osage County without any project-specific review.

99. The prohibition is arbitrary because it treats commercial solar as categorically incompatible with every rural parcel, every surrounding land-use context, and every possible project design.

100. The prohibition is unreasonable, arbitrary, or capricious because the County could regulate commercial solar through less arbitrary means, including conditional-use review, setbacks, screening, landscaping, glare controls, drainage requirements, road-use agreements, fire and emergency-access requirements, decommissioning obligations, wildlife and environmental studies, and site-specific conditions.

101. The prohibition is especially arbitrary as applied to commercial solar because the County's record reflects substantial wind-specific concerns and fails to

justify treating commercial solar and commercial wind as identical for purposes of a countywide ban.

102. The prohibition prevents consideration of the factors Kansas law and the County's own regulations identify as relevant to zoning reasonableness.

103. The prohibition is not reasonably tailored to public health, safety, morals, comfort, or general welfare.

104. Plaintiffs are entitled to a declaration that the countywide prohibition on commercial Solar Energy Conversion Systems is unlawful, arbitrary, unreasonable, void, and unenforceable.

**COUNT II**
**Declaratory Judgment: 25-Year Moratorium Is Unlawful, Ultra Vires, Arbitrary, and Unreasonable**

105. Plaintiffs incorporate all preceding paragraphs.

106. An actual controversy exists between Plaintiffs and Osage County concerning the validity, enforceability, lawfulness, and reasonableness of the 25-year moratorium.

107. A zoning moratorium may be used, if at all, only as a temporary planning measure reasonably tied to active study and adoption of lawful land-use regulations.

108. A 25-year moratorium is not temporary.

109. The 25-year moratorium functions as an additional long-term prohibition on commercial solar development.

110. The moratorium is arbitrary and unreasonable because it prevents any application, public hearing, Planning Commission recommendation, evidentiary record,

or governing-body decision concerning commercial solar development for a generation regardless of whether such develop would otherwise be allowable.

111. The moratorium is *ultra vires* because it purports to suspend or override the County's own zoning procedures for applications, hearings, recommendations, and decisions and extends the suspension beyond the terms of the county commissioners who purported to enact it.

112. The moratorium is *ultra vires* because it operates as a substantive zoning restriction without compliance with the procedural requirements applicable to zoning amendments and restrictions. Kansas zoning statutes require Planning Commission review and recommendation before a county regulates or restricts the use of buildings or land through zoning restrictions.

113. Kansas zoning statutes require proposed zoning amendments and revisions to be submitted first to the Planning Commission for hearing, recommendation, and report.

114. Osage County's own regulations provide procedures for landowners and their agents to apply for amendments, revisions, changes, and conditional use permits.

115. Osage County's own regulations require completed applications to be set for hearing within 60 days.

116. Osage County's own regulations allow the Planning Commission and Governing Body to initiate zoning-code amendments.

117. To the extent the County adopted the moratorium as a substantive zoning regulation without Planning Commission hearing, recommendation, and report, the moratorium is procedurally invalid.

118. To the extent the County adopted the moratorium to prevent landowners from invoking application, hearing, recommendation, and decision procedures otherwise required by the County's regulations, the moratorium is *ultra vires* and unenforceable.

119. Plaintiffs are entitled to a declaration that the 25-year moratorium is unlawful, ultra vires, arbitrary, unreasonable, void, and unenforceable.

**COUNT III**
**Substantive Due Process / Arbitrary Government Action**

120. Plaintiffs incorporate all preceding paragraphs.

121. Plaintiffs possess protected property interests, including fee interests, lease rights, contract rights, rent rights, reversionary interests, easement and servitude rights, and the right to seek lawful zoning review concerning their own land.

122. The County's ban and moratorium deprive Plaintiffs of meaningful use, enjoyment, alienability, and economic value of their Property.

123. The County's ban and moratorium deprive Plaintiffs of any meaningful opportunity to request project-specific review of commercial solar use.

124. The County's conduct is arbitrary, capricious, and irrational because it prohibits commercial solar development everywhere without regard to the Property's location, surrounding uses, project design, mitigation measures, tax benefits, landowner consent, or reasonable conditions.

125. The County's conduct violates Plaintiffs' substantive due process rights under the Kansas Constitution and the Fourteenth Amendment to the United States Constitution.

126. Plaintiffs are entitled to declaratory and injunctive relief.

**COUNT IV**
**Equal Protection / Irrational Classification**

127. Plaintiffs incorporate all preceding paragraphs.

128. The County's regulations classify commercial solar facilities as prohibited uses while permitting other rural, utility, infrastructure, agricultural, industrial, quasi-industrial, public-service, and conditional uses to be considered through zoning procedures.

129. The County's regulations also classify commercial solar and commercial wind together as "Alternative Energy Systems" despite material differences in physical characteristics, operational characteristics, height, noise, shadow flicker, visual effects, and land-use impacts.

130. The classification is not rationally related to legitimate land-use objectives as applied to commercial solar projects that could be regulated through conditional-use standards.

131. Plaintiffs are entitled to declaratory and injunctive relief.

**Count V**
**Injunctive Relief**

132. Plaintiffs incorporate all preceding paragraphs.

133. Plaintiffs have suffered and will continue to suffer irreparable harm absent injunctive relief.

134. Plaintiffs' irreparable harm includes loss of the ability to seek zoning review, loss of development opportunity, impairment of unique real-property interests, impairment of lease and rent rights, loss of marketability and alienability, project delay, and loss of property rights that cannot be fully remedied by damages.

135. Plaintiffs have no adequate remedy at law.

136. The threatened injury to Plaintiffs outweighs any harm to the County from requiring the County to follow lawful zoning procedures and evaluate commercial solar through a lawful framework.

137. Injunctive relief would serve the public interest by enforcing lawful zoning procedure, preserving local review, requiring evidence-based decision-making, and preventing arbitrary exclusion of a lawful land use.

138. Plaintiffs are entitled to temporary and permanent injunctive relief enjoining Osage County from enforcing the challenged ban and moratorium to prevent Plaintiffs from seeking zoning review or zoning-code amendment concerning commercial solar development.

139. Plaintiffs are further entitled to injunctive relief requiring Osage County to accept, process, refer, hear, and decide Plaintiffs' applications, petitions, requests, or proposed amendments under lawful zoning procedures.

**Count VI**
**Inverse Condemnation / Taking or Damaging of Property Without Just Compensation, Pled in the Alternative**

140. Plaintiffs incorporate all preceding paragraphs.

141. Plaintiffs possess legally cognizable property interests, including fee simple estates, lease rights, rent rights, contract rights, solar-access rights, easement and servitude rights, reversionary interests, and the right to alienate or encumber the Property for lawful commercial solar development.

142. The challenged ban and moratorium substantially impair or destroy the economic value of Plaintiffs' property interests associated with commercial solar development.

143. The challenged ban and moratorium interfere with Plaintiffs' distinct, reasonable, investment-backed expectations established by their solar leases, options, easements, and related agreements.

144. The challenged ban and moratorium eliminate the core economic purpose of Plaintiffs' solar-development agreements.

145. The challenged ban and moratorium prevent Plaintiffs from realizing the rent, lease income, and other economic benefits of commercial solar development.

146. The challenged ban and moratorium impose a severe economic impact on the Property and Plaintiffs' property interests.

147. The challenged ban and moratorium target and prohibit a specific, lawful, revenue-producing use of Plaintiffs' Property.

148. If the challenged ban and moratorium are held valid and enforceable, then the County has taken or damaged Plaintiffs' property interests for public purposes without paying just compensation, in violation of Section 18 of the Kansas Constitution Bill of Rights and the Fifth and Fourteenth Amendments to the United States Constitution.

149. Plaintiffs are entitled to just compensation in an amount to be determined at trial, together with interest, costs, and such other relief as allowed by law.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in Plaintiffs' favor and against Defendant Osage County, Kansas, and grant the following relief:

A. Declare that Osage County's countywide prohibition on commercial Solar Energy Conversion Systems is unlawful, arbitrary, unreasonable, void, and unenforceable;

B. Declare that Osage County's 25-year moratorium on commercial solar applications, proceedings, hearings, recommendations, or approvals is unlawful, ultra vires, arbitrary, unreasonable, void, and unenforceable;

C. Declare that Osage County may not refuse to accept, process, refer, hear, or decide Plaintiffs' applications, petitions, requests, or proposed zoning amendments concerning commercial solar development solely because of the challenged ban or moratorium;

D. Declare that Osage County must process applications, petitions, requests, and proposed amendments concerning commercial solar development in accordance with Kansas law and the County's lawful zoning regulations;

E. Temporarily and permanently enjoin Osage County, its Board of County Commissioners, Planning Commission, Zoning Administrator, officers, employees, agents, representatives, and all persons acting in concert with them from enforcing the challenged ban or moratorium to prevent Plaintiffs from seeking zoning review or zoning-code amendment concerning commercial solar development;

F. Order Osage County to accept, process, docket, refer, hear, and decide Plaintiffs' applications, petitions, requests, or proposed amendments concerning

commercial solar development in accordance with Kansas law and lawful County regulations;

G. In the alternative, if the challenged ban and moratorium are held valid and enforceable, enter judgment that Osage County has taken or damaged Plaintiffs' property interests without just compensation;

H. Award just compensation in an amount to be determined at trial, together with interest as allowed by law;

I. Award Plaintiffs their costs and such attorney fees as may be allowed by law; and

J. Grant such other and further relief as the Court deems just and equitable.

Respectfully submitted,

ADAMS JONES LAW FIRM, P.A.

By: /s/ Patrick B. Hughes
Patrick B. Hughes, #16648
Attorneys for Plaintiffs

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury for all issues so triable.

/s/ Patrick B. Hughes
Patrick B. Hughes, #16648

ELECTRONICALLY FILED
2026 Oct 08 PM 2:43
CLERK OF THE OSAGE COUNTY DISTRICT COURT
CASE NUMBER: OS-2026-CV-000060
PII COMPLIANT

IN THE 04th JUDICIAL DISTRICT
DISTRICT COURT OF OSAGE COUNTY, KANSAS

Perry A. Thompson et. al., )
Plaintiff, )
V )
Board of County )
Commissioners of Osage
County, Kansas,
Defendant. )

Case No. OS-2026-CV-000060

Defendant's Name and Address:
Board of County
Commissioners of Osage
County, Kansas
c/o Jay Hatfield, County
Clerk
717 Topeka Avenue
Lyndon, KS 66451

Proceeding Pursuant to K.S.A. Chapter 60

**SUMMONS**

To: Board of County Commissioners of Osage County, Kansas
(Defendant's name)

A civil lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached petition or a motion under K.S.A. 60-212. Under Kansas Supreme Court Rule 113, you may seek from the clerk of the court an extension of up to 14 additional days to serve and to file an answer or a K.S.A. 60-212 motion.

If you fail within 21 days to serve and to file an answer or a K.S.A. 60-212 motion or obtain a Rule 113 extension, the court may enter default judgment against you for the relief demanded in the petition. If you were served outside of Kansas, however, the court may not enter default judgment against you until at least 30 days after service of this summons.

The answer or K.S.A. 60-212 motion must be served on the plaintiff's attorney, or the plaintiff if plaintiff has no attorney, at the following address:

Patrick B. Hughes
(Attorney's name or Plaintiff's name)

1635 N. Waterfront Parkway
Suite 200
Wichita, KS 67206

(Attorney's address or Plaintiff's address)

You also must file your answer or K.S.A. 60-212 motion with the court.

When you file an answer, you must state as a counterclaim(s) any related claim(s) that you may have against the plaintiff. If you fail to do so, you will thereafter be barred from making such claim(s) in any other action.

Christina Heidrich

Clerk of the District Court.

By Christina Heidrich
Clerk or Deputy

**Documents to be served with the Summons**
PLE: Petition Petition

ELECTRONICALLY FILED
2026 Oct 20 AM 11:49
CLERK OF THE OSAGE COUNTY DISTRICT COURT
CASE NUMBER: OS-2026-CV-000060
PII COMPLIANT

Patrick B. Hughes, #16648
ADAMS JONES LAW FIRM, P.A.
1635 N. Waterfront Parkway, Suite 200
Wichita, KS 67206-6623
Phone: (316) 265-8591 / Fax: (316) 265-9719
Email: phughes@adamsjones.com

IN THE FOURTH JUDICIAL DISTRICT
DISTRICT COURT, OSAGE COUNTY, KANSAS
CIVIL DEPARTMENT

Perry A. Thompson and Kimberly A. Thompson, as Co-Trustees of the Perry A. Thompson Revocable Trust dated July 18, 2014, and the Kimberly A. Thompson Revocable Trust dated July 18, 2014; Philip G. Puckett; Lori A. Puckett; David B. Davies, Trustee of the David B. Davies Living Trust dated April 10, 2010; Cody D. Caudill; Alison M. Caudill; Don Jones Farm, Inc.; Donald K. Jones, Trustee of the Donald K. Jones Revocable Living Trust; and Susan M. Jones, Trustee of the Susan M. Jones Revocable Living Trust,

Plaintiffs,

v.

Board of County Commissioners of Osage County, Kansas,

Defendant.

Case No. OS-2026-CV-000060

**RETURN OF SERVICE BY CERTIFIED MAIL**

I hereby certify that: (1) I served the Board of County Commissioners of Osage County, Kansas, c/o Jay Hatfield, County Clerk, by mailing on October 8, 2026, a copy of the Summons and Petition in the above action as certified mail, return receipt requested;

and (2) the name and address on the envelope containing the process mailed as certified mail, return receipt requested were as shown on the card attached hereto.

Respectfully submitted,

ADAMS JONES LAW FIRM, P.A.

By: /s/ Patrick B. Hughes
Patrick B. Hughes, #16648
*Attorney for Plaintiffs*

Return Receipt (Form 3811) Barcode

9590 9266 9904 2248 0308 47

1. Article Addressed to:

Board of County Commissioners of Osage County, Kansas
c/o Jay Hatfield, County Clerk
717 Topeka Avenue
Lyndon, KS 66451

2. Certified Mail (Form 3800) Article Number

9414 7266 9904 2248 0308 44

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (Printed Name): Addison Esquibel
C. Date of Delivery: 10-13-26

D. Is delivery address different from item 1? ☑ Yes ☐ No
If YES, enter delivery address below:

PO Box 226
Lyndon, KS 66451

3. Service Type:
☒ Certified Mail

Reference Information

THOMPSON
PBH

PS Form 3811, Facsimile, July 2015 Domestic Return Rec

ELECTRONICALLY FILED
2026 Oct 30 PM 1:42
CLERK OF THE OSAGE COUNTY DISTRICT COURT
CASE NUMBER: OS-2026-CV-000060
PII COMPLIANT

**IN THE FOURTH JUDICIAL DISTRICT
DISTRICT COURT, OSAGE COUNTY, KANSAS
CIVIL DEPARTMENT**

| | | |
|---|---|---|
| **PERRY A. THOMPSON, *et al.*,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. OS-2026-CV-000060 |
| | ) | |
| **BOARD OF COUNTY COMMISSIONERS OF OSAGE COUNTY, KANSAS,** | ) | |
| | ) | |
| Defendant. | ) | |

## ENTRY OF APPEARANCE

**COMES NOW** Remington B. Smith of the law firm Ensz & Jester, P.C. and hereby enters his appearance as attorney of record in this case on behalf of Defendant Board of County Commissioners, Osage County, Kansas.

Respectfully submitted,

**ENSZ & JESTER, P.C.**

/s/ Remington B. Smith

REMINGTON B. SMITH KS #26959
1100 Main Street, Suite 2121
Kansas City, MO 64105
Telephone: 816-474-8010
Facsimile: 816-471-7910
Email: rsmith@enszjester.com
**ATTORNEYS FOR DEFENDANT
Board of County Commissioners of
Osage County, Kansas**

## CERTIFICATE OF SERVICE

I hereby certify that, on October 30, 2026, the above and foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

PATRICK B. HUGHES KS #16648
ADAMS JONES LAW FIRM, P.A.
1635 N. Waterfront Parkway, Suite 200
Wichita, KS 67206-6623
Telephone: 316-265-8591
Facsimile: 316-265-9719
Email: phughes@adamsjones.com
**ATTORNEYS FOR PLAINTIFFS**

/s/ Remington Smith
**ATTORNEY FOR DEFENDANT**
**Board of County Commissioners of**
**Osage County, Kansas**

ELECTRONICALLY FILED
2026 Oct 30 PM 3:34
CLERK OF THE OSAGE COUNTY DISTRICT COURT
CASE NUMBER: OS-2026-CV-000060
PII COMPLIANT

| | |
|---|---|
| **Court:** | Osage County District Court |
| **Case Number:** | OS-2026-CV-000060 |
| **Case Title:** | Perry A. Thompson, et al vs. Board of County Commissioners of Osage County, Kansas |
| **Type:** | ORD: Clerk's Extension Clerk's Order for Additional Time to Plead to Petition |

SO ORDERED,

/s/ Mindy Beard, Deputy Clerk

**IN THE FOURTH JUDICIAL DISTRICT**
**DISTRICT COURT, OSAGE COUNTY, KANSAS**
**CIVIL DEPARTMENT**

| | | |
|---|---|---|
| **PERRY A. THOMPSON, *et al.*,**<br><br>Plaintiffs,<br><br>v.<br><br>**BOARD OF COUNTY COMMISSIONERS OF OSAGE COUNTY, KANSAS,**<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. OS-2026-CV0000060 |

**<u>CLERK'S ORDER FOR ADDITIONAL TIME TO PLEAD PETITION</u>**

Now, on this _______ day of _______________, 20___, Defendant Board of County Commissioners of Osage County, Kansas are hereby granted fourteen (14) additional days within which to answer or file other pleading to the plaintiff's petition.

By order of the clerk, pursuant to Supreme Court Rule 113.

________________________________________
Deputy Clerk of the District Court

Respectfully submitted,

**ENSZ & JESTER, P.C.**

/s/ Remington B. Smith

REMINGTON B. SMITH KS #26959
1100 Main Street, Suite 2121
Kansas City, Missouri 64105
Telephone: 816-474-8010
Facsimile: 816-471-7910
Emails: rsmith@enszjester.com
**ATTORNEYS FOR DEFENDANT**
**Board of County Commissioners of**
**Osage County, Kansas**

## CERTIFICATE OF SERVICE

I hereby certify that, on October 30, 2026, the above and foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

PATRICK B. HUGHES KS #16648
ADAMS JONES LAW FIRM, P.A.
1635 N. Waterfront Parkway, Suite 200
Wichita, KS 67206-6623
Telephone: 316-265-8591
Facsimile: 316-265-9719
Email: phughes@adamsjones.com
**ATTORNEYS FOR PLAINTIFFS**

/s/ Remington Smith

**ATTORNEY FOR DEFENDANT**
**Board of County Commissioners of**
**Osage County, Kansas**